D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUIS ALBERTO CHIARI,

                Plaintiff,

        -against-

NEW YORK RACING ASSOCIATION INC.
and LOCAL UNION 3, I.B.E.W.,

                Defendants.
------------------------------------------------------------X

**ORDER**
12-CV-0598 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ SEP 16 2013 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

On February 2, 2012, pro se plaintiff Luis Alberto Chiari ("plaintiff") commenced this action against defendant New York Racing Association ("NYRA"), alleging violations of his rights under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, et seq., and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq. [Docket Entry No. 1]. On February 16, 2012, the Court directed plaintiff to file the requisite right-to-sue notice with the Court by March 9, 2012 or the ADA claim would be dismissed. [Docket Entry No. 4]. NYRA filed its answer on May 11, 2012. [Docket Entry No. 12]. On or about July 23, 2012, plaintiff filed an amended complaint adding Local Union 3, I.B.E.W. (the "Union," together with NYRA, "defendants") as a defendant. [Docket Entry No. 31]. Plaintiff did not remove his ADA claim against NYRA from the amended complaint. NYRA filed its answer to plaintiff's amended complaint on July 30, 2012. [Docket Entry No. 33]. The Union filed its answer to plaintiff's amended complaint on September 12, 2012. [Docket Entry No. 45]. Following a period of

1

discovery, both defendants moved for summary judgment on all claims. [Docket Entry Nos. 63, 76]. Now before the Court is the Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson dated August 14, 2013 (the "Report") recommending that the Court grant defendants' motions for summary judgment and dismiss plaintiff's claims in their entirety. [Docket Entry No. 96]. Plaintiff has filed objections to the Report ("Pl. Obj."). [Docket Entry No. 100]. For the reasons that follow, all objections are overruled, and the Court adopts Magistrate Judge Tomlinson's Report in its entirety.

I. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of N.Y., Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review,

accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Although the objections to a report and recommendation of a pro se party should be accorded leniency, "even a pro se party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted); see also Walker v. Vaughan, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002).

II.  Plaintiff's Objections

A.  Violations of the ADA

Magistrate Judge Tomlinson has recommended dismissal of plaintiff's ADA claim, in part, because plaintiff failed to provide the required EEOC right-to-sue letter or any information regarding the reasons for such failure to obtain the right-to-sue letter. Report at 18-20. In his objection to this recommendation, plaintiff reiterates that he "exhausted all venues to obtain that letter" and attaches a "form application . . . a document that Plaintiff forgot to include in the opposition documents." Pl. Obj. at 2, Ex. B.

In the absence of a compelling justification for plaintiff's failure to submit this document with his opposition papers, the Court declines to consider it now. See Azkour v. Little Rest Twelve, Inc., No. 10 Civ. 4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (internal quotation marks omitted) ("[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge."). In any event, consideration of this new evidence would not compel a different result because plaintiff's ADA claim fails on the merits.

Magistrate Judge Tomlinson considered the merits of plaintiff's ADA claim and recommended it be dismissed because the "record is bereft of any support whatsoever that (i) NYRA had knowledge that Plaintiff had any type of disability; (ii) regarded Plaintiff as having any disability; or (iii) terminated Plaintiff based on any disability." Report at 21. In his objection to this recommendation, plaintiff submitted additional evidence – deposition testimony of Tania Ramirez that "anybody could see [plaintiff's rapidly deteriorating health]" and a document showing plaintiff received medical attention from February to May 2011. Pl. Obj. at 3, Ex. C. Even if the Court were to consider this newly submitted evidence, it does not cure plaintiff's insufficient showing that he was discharged from his employment with NYRA due to a disability. Therefore, plaintiff's objection is overruled.

B.   COBRA Violations

Magistrate Judge Tomlinson has recommended dismissal of plaintiff's claim that his rights under COBRA were violated because NYRA failed to notify him of those rights. Report at 25. In his objections to this recommendation, plaintiff repeats his allegations that he never received the COBRA documents by citing to evidence considered by Magistrate Judge Tomlinson in the Report, and reiterates that he felt pressured during his deposition to admit that he had received the COBRA documents. Pl. Obj. at 1-2.

Magistrate Judge Tomlinson properly declined to consider plaintiff's contention in his opposition papers that he never received the COBRA documents, which contradicted his sworn deposition testimony. Report at 24-25. As Magistrate Judge Tomlinson correctly noted, "[e]ven if the Court accepted all of the allegations in Plaintiff's opposition papers as true, there is nevertheless no material issue of fact sufficient to defeat summary judgment." Report at 25. The Court agrees that NYRA discharged its duty to notify plaintiff upon mailing the COBRA

documents to plaintiff's address of record, and "Plaintiff does not contest that the COBRA notice was mailed, nor does Plaintiff point to any evidence in the record to contradict NYRA's assertion that the COBRA notice was mailed." Report at 25. Therefore, plaintiff's objection is overruled.

    C.    Violations of the CBA and the Union's Breach of the Duty of Fair Representation

Magistrate Judge Tomlinson has recommended dismissal of Plaintiff's claims of CBA violations against NYRA and claims that the Union breached its duty of fair representation because Plaintiff failed to introduce evidence to support his claims that the Union breached its duty of fair representation. Report at 32. In his objection to this recommendation, plaintiff repeats his allegation that NYRA failed to notify the Union of his termination and that both defendants "acted in a careless and disdain manner in treating Mr. Chiari's termination." Pl. Obj. at 2-3.

The Court agrees that these two claims are to be considered together as a hybrid § 301/DFR claim. To establish a § 301/DFR claim, "a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached it duty of fair representation vis-à-vis the union members." Report at 28 (quoting White v. White Rose Food, 237 F.3d 174, 178-79 (2d Cir. 2001)). As Magistrate Judge Tomlinson correctly noted, "even assuming NYRA's failure to notify the Union of Plaintiff's termination constitutes a breach of the CBA, Plaintiff's claim cannot survive summary judgment because . . . Plaintiff has not introduced any evidence to support his claims that the Union breached its duty of fair representation." Report at 32. Therefore, plaintiff's objection is overruled.

    D.    Remaining Objections

To the extent that plaintiff has raised objections not specifically addressed above, the Court has determined that they are either reiterations of his original arguments or are not

sufficiently specific to trigger de novo review of Magistrate Judge Tomlinson's conclusions. The Court has reviewed the Report in its entirely and is satisfied that there is no clear error on the face of the record, and therefore any remaining objections are denied.

III.  Conclusion

For the foregoing reasons, Magistrate Judge Tomlinson's Report is adopted in its entirety as an order of the Court. Defendants' motions for summary judgment [Docket Entry Nos. 63, 76] are granted and plaintiff's claims are dismissed. The Clerk of Court is respectfully directed to close this case and, in accordance with Rule 5(b)(2)(C) and Rule 77(d) of the Federal Rules of Civil Procedure, serve a copy of this order upon the pro se plaintiff by mailing a copy of the order to his last known address.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: September 16, 2013
      Central Islip, New York